IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-02816-SKC-CYC

RIVER CANYON REAL ESTATE INVESTMENTS, LLC,

      Plaintiff,

v.

COVENANT CLEARINGHOUSE, LLC, and
FREEHOLD LICENSING, LLC

      Defendants.

---

## ORDER

---

Plaintiff River Canyon Real Estate Investments, LLC, is a real estate developer and as pertinent to this case, developed the Ravenna Country Club, which includes a gated residential community. Dkt. 5, ¶1. On September 21, 2009, River Canyon executed and recorded a Declaration of Covenant ("Declaration"), which encumbers 165 homes in the gated community and assesses a 1% transfer fee on the gross sale of those homes for a term of 99 years. *Id.* ¶2.

On May 23, 2011, Colorado Senate Bill 11-234 was signed into law, finding that transfer fee covenants such as the one in the Declaration violate public policy. *Id.* ¶15. Thereafter, Beal Bank Nevada file a Verified Complaint for Appointment of Receiver against River Canyon. *Id.* ¶16. As part of the suit, the receiver moved for the termination of the Declaration because it was unenforceable under the new law.

1

*Id*. ¶17.  In September 2013, the trial court agreed with the receiver and entered an order purportedly terminating the Declaration and declaring the covered properties to be free of any encumbrance. *Id*. ¶18. River Canyon then executed and recorded a "Termination of the Declaration of Covenant." *Id*. ¶19.

Despite the Court Order and River Canyon's independent termination, Defendants Covenant Clearinghouse, LLC, and Freehold Licensing, LLC, each executed and recorded Notices of Assessment Obligation, Notices of Recission, Notices of Claims, and Notices to Purchasers against the subject properties. *Id*. ¶¶21-27. River Canyon then filed this case in the Douglas County District Court under Colo. Rev. Stat. § 38-35-201 and Colo. R. Civ. P. 105.1, seeking an order declaring these various recordings to be spurious. Dkt. 5. Covenant Clearinghouse removed the matter to this Court on September 8, 2025, and filed a Motion seeking dismissal based on lack of standing and failure to state a claim. Dkt. 14. In turn, River Canyon seeks remand to the Colorado court. Dkt. 18.

The Court has reviewed both Motions and the related briefing, the parties' exhibits, and the relevant law. For the following reasons, the Court denies both Motions.

### A.  MOTION TO REMAND (DKT. 18)

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). When a civil action

filed in state court satisfies the requirements for original federal jurisdiction — federal question or diversity — the defendant may remove the action under 28 U.S.C. § 1441(a). *See Huffman v. Saul Holdings LP,* 194 F.3d 1072, 1076 (10th Cir. 1999) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court....") (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

Considering the federal courts' "constitutional role as limited tribunals," there is a presumption against removal jurisdiction. *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). The defendant seeking removal bears the burden of establishing, by a preponderance of the evidence, that removal is proper. *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008); *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002).

Covenant Clearinghouse removed this case based on diversity jurisdiction, and thus, it must demonstrate that all prerequisites of diversity jurisdiction are satisfied. Under 28 U.S.C. § 1332(a), a federal district court possesses original jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. Diversity between the parties must be complete. *See Caterpillar Inc.*, 519 U.S. at 68; *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir.

2004).

In its Motion to Remand, River Canyon contends the local action doctrine requires this case to be filed in state court. River Canyon also argues that Covenant Clearinghouse failed to (1) demonstrate complete diversity; (2) comply with state and federal procedural requirements; and (3) establish by a preponderance of the evidence that the matter in controversy exceeds $75,000. None of these arguments carry the day.

### 1.  Local Action Doctrine

The local action doctrine finds its genesis in English common law and as Covenant Clearinghouse correctly notes, there is some question as to whether it remains good law or has been eliminated entirely. *Tap Rock Res., LLC v. Marathon Oil Permian LLC*, 704 F. Supp. 3d 1194, 1199 (D.N.M. 2023). But even assuming it is still valid law, it has no applicability here.

The local action doctrine recognizes only that "a local action must be brought within *the state* where the land is located." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir. 1987) (emphasis added) (citing *Louisville & N.R.R. v. Western Union Telegraph Co.*, 234 U.S. 369 (1914); *Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 107 (1895); *Casey v. Adams*, 102 U.S. (12 Otto) 66, 67–68 (1880)). The Court could find no law suggesting that the local action doctrine mandates *in rem* actions be brought in state court rather than federal court, and River Canyon has cited none.

The relevant properties implicated in this matter are in Littleton, Colorado

4

(Dkt. 5, ¶¶1-2), and therefore, this Court—being seated in Colorado—is not precluded by the local action doctrine from presiding over these issues.[1]

### 2. Complete Diversity

River Canyon next contends that "Covenant's ownership structure spans multiple tiers of LLCs and individuals in several states." Dkt. 18, p.5. Plaintiff further contends the Notice of Removal contains only conclusory descriptions of Covenant's and Freehold's membership without documenting the citizenship of the members. *Id*. While River Canyon is correct that the citizenship of an LLC is based on the domicile of its members, the Court has reviewed the Notice of Removal and finds that Covenant has met its burden of establishing complete diversity.

In the Notice, Covenant Clearinghouse states:

[It] is a single member Nevada limited liability company with its principal place of business in Texas. . . .Covenant Clearinghouse's sole member is Freehold Capital Partners, LLC, a Nevada limited liability company, with its principal place of business in Texas. . . .The members of Freehold Capital Partners, LLC are Freehold Licensing, Inc., a Nevada corporation with its principal place of business in Texas; Joseph Alderman, a Texas Resident; Richard Hastings, a Connecticut resident; Michael Cohen, a Virgina resident; and Roy Stillman, a New York resident. . . . Therefore, Defendant Covenant Clearinghouse, LLC is considered citizens of Nevada, Texas, Connecticut, Virgina, and New York.

---

[1] Plaintiff also seems to contend that the Colorado Spurious Lien Statute requires these actions be brought in state court. *See* Dkt. 18, p.5. It does not. Rather, Colo. Rev. Stat. § 38-35-204 provides that any person may file a petition in "the *federal district court in Colorado* for an order to show cause why the lien or document should not be declared invalid." *Id*. § 38-35-204(1). The Court presumes Plaintiff's counsel simply failed to read the statute in its entirety as opposed to willfully misrepresenting the law to the Court.

Dkt. 1, ¶9.

> With respect to Defendant Freehold Licensing, LLC, Covenant states:
>
> Defendant Freehold Licensing, LLC is a single member Texas limited liability company with its principal place of business in Las Vegas, Nevada. . . .Its sole member is Freehold Holdings, LLC, which is a single member Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Its sole member is Rajiv Rishi, who is a resident of Nevada. . .  .Therefore, Defendant Freehold Licensing, LLC is a citizen of Nevada.

*Id.* ¶10. Covenant attached evidence from the various secretary of state websites to support these jurisdiction allegations, s*ee generally* Dkt. 1, and it included an affidavit explaining the same with its Response. Dkt. 20-1. Based on this evidence, Defendants are citizens of Nevada, Texas, Connecticut, Virgina, and New York. Thus, Plaintiff's argument regarding diversity is unfounded.

### 3.  Procedural Defects

River Canyon also contends Defendant's Notice of Removal is defective because Covenant Clearinghouse removed the case prior to receiving notice under Colo. R. Civ. P. 105.1, which governs spurious lien proceedings. And River Canyon argues the removal violates the unanimity rule. Neither is persuasive.

> First, a defendant may remove an action
>
> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446. In this case, Defendant removed this matter thirteen days after

receiving the Petition and Order to Show Cause from the Colorado court. *See* Dkts. 1, 6. The federal removal statute requires nothing more and Covenant Clearinghouse was under no obligation to wait for Plaintiff to comply with Colorado Rule of Civil Procedure 105.1 governing spurious lien proceedings.

Second, the unanimous consent provision of 28 U.S.C. § 1446 provides that when a civil action is removed based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But Plaintiff did not attempt to serve Freehold Licensing, LLC, until after this matter was already removed.[2] Thus, the unanimity provision did not apply at the time of removal.[3]

### 4. Amount in Controversy

Finally, River Canyon contends that Covenant Clearinghouse has not met the amount in controversy requirement because it only seeks declaratory relief and not

---

[2] According to Covenant Clearinghouse, Plaintiff's service on Freehold Licensing was defective because Plaintiff served the President of Covenant Clearinghouse, who is not authorized to accept service on Freehold Licensing's behalf. Dkt. 20-1. And there is no other indication in the record that Plaintiff has attempted proper service on Freehold Licensing.

[3] Plaintiff makes brief reference in its Reply to district court rejection of "snap removals." Dkt. 21, pp.5-6. While that may be true, it is of no moment in this case. Snap removal occurs when a foreign defendant hastens to remove a case prior to the service upon a forum defendant. This tactic is meant to avoid application of the forum defendant rule, which precludes removal. *See Bernstein v. State Farm Fire & Cas. Co.*, 711 F. Supp. 3d 1282, 1286 (W.D. Okla. 2024). Neither Defendant is a forum defendant, and therefore, Plaintiff's arguments regarding snap removal are inapposite.

monetary damages. The Court is not persuaded.

"In an action seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)). And in assessing whether the removing party has satisfied this element, the Court applies the "either viewpoint" rule, and "consider[s] either the value of a judgment from the viewpoint of the plaintiff or the cost from the viewpoint of the defendant of injunctive and declaratory relief. *Id.* (citing *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991)).

According to Covenant Clearinghouse, it is the appointed trustee for the Declaration. Dkt. 20, p.2. As the trustee, Covenant is responsible for ensuring that certain beneficiaries receive their respective share of the Declaration's 1 % transfer fee. *Id.*, Dkt. 20-1, ¶42. With its response, Covenant has included evidence that in the 2025 calendar year, ten of the encumbered properties were sold, and the total amount from these sales is $27,030,000. However, none of these sales paid the transfer fee as required by the Declaration. As trustee for the Declaration, Covenant Clearinghouse—based on its contention that the Declaration was not voided by the Court or Plaintiff—purports to hold a lien on those sold properties for $270,030, which is 1% of the total sales amount. If, however, Plaintiff is successful in declaring Covenant Clearinghouse's liens to be spurious, Covenant will not be able to recover

8

those past due fees or fees from future sales. Consequently, Covenant Clearinghouse has demonstrated that an adverse declaration would have a pecuniary effect of more than $75,000.

Because the Court is satisfied that Covenant Clearinghouse has established by a preponderance of evidence that complete diversity exists between the Plaintiff and Defendants and the amount in controversy exceeds $75,000, the Motion to remand is DENIED.

## B. MOTION TO DISMISS (Dkt. 14)

In its Motion to Dismiss, Covenant Clearinghouse contends Plaintiff lacks standing to bring this petition under Colorado's spurious lien provisions because Plaintiff does not own any of the encumbered properties. For this same reason, Covenant Clearinghouse also contends that Plaintiff has failed to state a claim. Pertinent here, Colo. Rev. Stat. § 38-35-204 provides:

> (1) Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid.

*Id.* § 38-35-204(1).[4]

In response, River Canyon argues that the statute does not "require fee simple ownership," and that it does have protected interests within the ambit of the spurious

---

[4] Colorado Rule of Civil Procedure 105.1, which governs spurious lien proceedings, contains nearly identical language.

lien protections and procedures. Dkt. 17, pp.6-7. As the Court understands River Canyon's Petition (Dkt. 5) and responsive arguments, Defendants' filings affect River Canyon's contract rights, specifically its right to terminate the Declaration.[5] *See* Dkts. 5, 17. To be sure, the Declaration specifically designates to River Canyon (with some caveats) the right to terminate at its sole and absolute discretion. Dkt. 5, ¶13, p.170. According to the Petition, Defendants' filings challenge River Canyon's termination and even declare River Canyon's termination "rescinded, invalid, void, and of no force and effect." Dkt. 5, p.31.

In its Reply, Covenant Clearinghouse does not analyze whether River Canyon's contract interest in terminating the Declaration is personal property. Dkt. 19. Instead, it adheres to its position that because River Canyon does not own any of the real properties, River Canyon does not have standing and cannot state a claim for relief. But this argument ignores the statute's provisions for personal property in addition to real property. *Champa St. 2736, LLC v. Somes*, No. 20CA1860, 2022 WL 22928081, at *5 (Colo. App. Mar. 24, 2022).

Specifically, "section 38-35-204 and C.R.C.P. 105.1 apply to more than spurious liens and spurious documents that affect real property." *Id*. As noted above, the statute also applies to "[a]ny person whose … *personal* property is affected by a

---

[5] In passing River Canyon also mentions its "development interest," unspecified "contract rights," and "continuing injury." But Plaintiff only analyzes its termination rights under the declaration, and therefore, that is the only potential personal property interest the Court addresses.

recorded or filed lien or document." Colo. Rev. Stat. § 38-35-204(1) (emphasis added). The Colorado Supreme Court "has recognized, 'personal property' ... includes everything that is subject to ownership, tangible and intangible, that is not real property." *Id*. (quoting *SDI, Inc. v. Pivotal Parker Com., LLC*, 2014 CO 80, ¶ 20 and citing Black's Law Dictionary 1472 (11th ed. 2019) (defining "personal property" as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property")). *See also Baker v. Young*, 798 P.2d 889, 893 (Colo. 1990) ("The concept of property, therefore, encompasses those enforceable contractual rights that traditionally have been recognized as choses in action.").

Because Covenant Clearinghouse did not analyze whether River Canyon's purported contract rights constitute personal property, the Court will not do so in its stead. Consequently, the Motion to Dismiss is DENIED.

\* \* \*

For the reasons shared above, River Canyon's Motion to Remand (Dkt. 18) and Covenant Clearinghouse's Motion to Dismiss (Dkt. 14) are respectfully DENIED.

However, because the Court must nevertheless determine whether River Canyon has standing to bring this action under the spurious lien statute, IT IS ORDERED that on or before the close of business on May 18, 2026, the parties shall file simultaneous briefs (no more than ten pages in length) as to whether River Canyon's contractual right to terminate the Declaration constitutes personal property within the meaning of the spurious lien statute such that it is protected

11

under that law.

Dated: May 4, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge